## Roaring Creek Road.

1. A road, under § 26 of the road law of 1836, authorizing roads to be laid out *upon and along* the division line between two counties, must be laid out *on* that line, one half of the breadth of the road in each county.

2. Where the line is a creek, a road cannot be laid out on the banks, at some places in one—at others, in the other county. There is no provision in the law for such a case.

3. The road being so laid out however, an attempt to vacate it in one county by a review is irregular, as that could only be done by a joint review.

WRITS of certiorari, respectively, to the Quarter Sessions of Columbia and Northumberland.

*July* 31. This was a proceeding instituted in the Courts of Quarter Sessions of Columbia and Northumberland, under § 26 of the road law of 1836, for the purpose of procuring a certain road to be laid out and opened upon and along the division line of those two counties.

The record from Columbia exhibited the following position of the proceeding in that county :—

"A petition of inhabitants of Roaring Creek township was presented to the court, stating that they 'laboured under great inconvenience for want of a road, partly in Columbia and partly in Northumberland counties, upon or along the division line of the said counties, beginning at a public road at John Walter's saw-mill, in Roaring Creek township, thence by the nearest and best route, until it intersects a public road leading from Bear Gap to Slabtown, in said township, at Abisha Thomas's, on lands of Abisha Thomas, and praying the court ' to appoint three persons to view the ground proposed for said road, in conjunction with other three persons already appointed by the Court of Quarter Sessions of Northumberland county, and make report of their proceedings to the said courts respectively, at the next term, according to law.' The court then made the following order: 'Whereupon the court appoint Bright R. Paxton, George Hughes, and George W. Harder, as prayed for; and if a majority of the viewers agree, they shall proceed to lay out the same, as agreeably to the desire of the petitioners as may be, having respect to the shortest distance, and the least injury to private property, and make report to the next Court of Quarter Sessions, whether the same be necessary for a private or public road, and exhibiting a draft of the courses and distances, with reference to the improvements through which it may pass, &c.'"

The order is issued in this form : "Upon the petition, &c., the court appoint Bright R. Paxton, &c., viewers; all of whom shall be sworn, &c., before they view, and if they decide in favour of locating a road, beginning at a public road, at Walter's saw-mill, &c., *in Roaring Creek township,* thence until it intersects a public road leading, &c., *in said township,* &c., and a majority of the viewers agree, they shall proceed to lay out the same, as agreeable to the desire of the petitioners as may be, having respect, &c., and make report to the next court of Quarter Sessions, whether the same be necessary, &c., and exhibiting a draft, &c." In the

report, made as a return to that order, the viewers state "that they met, and proceeded to view the route named in said order, in conjunction with the undersigned viewers, appointed by the court of Northumberland county, to view in connexion with us," and reported for public use, a road which commenced at John Walter's, in Columbia county, and running about 30 perches in Columbia county, passes the division line (which is the middle of Roaring creek), the whole length of the road into Northumberland county, runs into the latter county for a distance of 254 perches, and at an average distance of perhaps 30 perches from the county line, when it again crosses the creek into Columbia county, and runs in the latter county for a distance of 485 perches, at various distances from the county line, to its intersection with the road leading from Bear Gap to Slabtown. This report is signed by Bright R. Paxton and G. W. Harder, and also by W. G. Gearhart, Jonas Wolf, and W. G. Scott. At the next sessions, a petition to vacate this road was presented, and the court appointed reviewers, who made report vacating the road. Exceptions were filed to this report of the reviewers, and the court made the following decree: "Review set aside, and original view confirmed, and it is ordered and decreed that the road, as hereby laid out, be opened and maintained as a public highway, of the breadth of thirty-three feet." *Certiorari* was then sued out, and the following assignment of errors made:—

The court below erred in confirming the report of viewers, because,

1. The order to view the road does not order the viewers to view the ground proposed for a road in the petition, to wit, "partly in Columbia, and partly in Northumberland counties, upon or along the division line of said counties," nor that they should view, together with viewers appointed by the Court of Q. S. of Northumberland county, nor that they should make duplicate reports, one to each of the said counties.

2. Though the order directs the viewers to lay out a road between two points in Columbia county, the viewers have reported a road part of which is in Northumberland county.

5. The road laid out is not upon and along the line between the counties aforesaid.

The record from Northumberland exhibited the progress of the proceeding in that county, *pari passu* with it in Columbia. There, too, after the report of the mixed jury had been confirmed *nisi*, an application was made for a jury of review, which was granted, and a jury, composed entirely of citizens of Northumberland, was appointed. This jury reported that the road was useless, &c. But

upon exception their report was set aside, and the original report of the mixed jury was confirmed absolutely. Upon *certiorari* being sued out, the following assignment of errors was made:—

1. The Court of Quarter Sessions of Northumberland and Columbia counties, had no authority to confirm the original report of viewers, inasmuch as the road is not laid upon and along the line between Northumberland and Columbia counties: See act of 13th June, 1836, § 26, Purd. Digest, 1032.

2. The Court of Quarter Sessions of Northumberland county erred in setting aside the report of reviewers and confirming the original report.

*Comly* and *Jordan*, for the plaintiff in error, relied on § 26, Act of 13th June, 1836, relating to Roads and Highways: Purdon of 1847, p. 1032.

*Packer*, contrà.—Roaring Creek is " the line which divides the two adjoining counties of Northumberland and Columbia." The road cannot be made *upon* it, but it is laid out *along* it as near as the ground would allow, which is a substantial compliance with the 26th section of the road act.

The variance between the petition and the order is a clerical error; the order may be amended by the petitions. The viewers proceeded as if it had been correct. But these exceptions (1 and 2 Columbia) are too late: Allentown Road, 5 Wharton, 445.

The opinion of this court was delivered by

BURNSIDE, J.—This case comes before us on *certioraris*, issued to the Court of Quarter Sessions of each of the said counties.

The road laid out is attempted to be supported under the 26th section of the general road law of 1836 (Dunlop, 642), which provides that " Roads *upon and along* a line which divides two adjoining counties, may be laid out, altered, and vacated in the manner provided in the case of other roads, except that the Court of Quarter Sessions of each county of the said counties shall appoint three of the viewers, and that a report, as aforesaid, shall be made in the said courts respectively, and that the said counties shall otherwise have and exercise concurrent jurisdiction therein."

The centre of Roaring Creek is conceded to be the division line between the counties of Northumberland and Columbia: a turbulent stream, crooked in its course, and through a rough country, rising near the Bear Gap, and running to the north branch of the Susquehanna river. The road laid out by the viewers is on differ-

ent sides of the creek, generally from twenty to thirty rods from the stream, out of the wet ground, along the first bench of the hills which bound the creek. It neither begins nor ends on the line between the two counties, and only touches the county line where it crosses the creek at right angles.

The first question in order, that the case presents is, whether this is such a road as comes within the provisions of the road law before recited? We think it is not. Hence, the whole proceedings are irregular and void. It is not a road upon and along the division line of the counties. It is a road part in Northumberland and part in Columbia county. It is in no part upon and along the line of the counties. It does not come within the 26th section of the general road law, the only part of the general road law that relates to this case. The roads contemplated to be laid out, as this road was, under the 26th section before recited, are roads laid out on the division line between the counties, the half of the breadth of the road in each county. The line of the counties is the centre of the road. Although this case does not require it, there is another error on which I will express an opinion. The authority of viewers is derived from the road law, and from the order issued by the Sessions in pursuance of the law. The order from the Sessions of Columbia county, under the seal of the court, to three viewers appointed in that county, paid no regard to the 26th section of the road law. It took no notice of the joint proceedings which that section directs, nor that the viewers were to act in conjunction with the viewers appointed by Northumberland, nor of the proceedings in Northumberland.

This error went beyond a clerical mistake. The order was the mandate of the court under their seal. But we are satisfied that where a stream like Roaring creek is the line between two counties, and where the road is to cross, sometimes on one side and sometimes on the other, there is no provision in the general road law how such a road is to be laid out.

It is not a case in *which the court can exercise a concurrent jurisdiction.* Either may appoint six viewers, and lay out a road within their jurisdiction, and on their own side of the stream; or the legislature may, if they see proper, have a state road laid out along the creek, crossing it as often as the viewers deem it beneficial to the public.

This was not a road on the county line. The attempt in Northumberland county to vacate it, was irregular; as, if it had been a

road laid out on the county line, it could only be vacated by the joint viewers of both counties.

The court were right in setting that review aside, as the proceeding was irregular. We set aside the view of both counties, and leave the parties where they were before they commenced.

The order of the Sessions confirming the road set aside in both counties, and the report of the viewers set aside.